IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Ronnell Davis, | C/A: 8:23-cv-307-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden RS Dunbar, | |
| Respondent. | |

Petitioner Mark Ronnell Davis is a prisoner in the custody of the Federal Bureau of Prisons, who is currently incarcerated in South Carolina at the Williamsburg Federal Correctional Institution. [ECF No. 1.] He has filed this action under 28 U.S.C. § 2241 seeking habeas corpus relief from his conviction and sentence. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the petition be dismissed because the court lacks jurisdiction. [ECF No. 13.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 19. Plaintiff has not filed objections, and the time for doing so has expired.[1]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

---

[1] Petitioner filed a motion for a copy of the Report, claiming the copy he received was corrupted by the prison mailroom. [ECF No. 17.] On October 3, 2023, the court granted the motion, sent Petitioner another copy of the Report, and gave him until October 17, 2023 to file objections. [ECF Nos. 19, 20.] He has not filed objections as of this date.

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court accepts the recommendation by the magistrate judge but based on newly decided case law. The court adopts the Report's summary of the background and procedural history of this case. The magistrate judge recommended dismissing the § 2241 petition because Petitioner had not satisfied the savings clause tests announced in *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000), or *United States v. Wheeler*, 886 F.3d 426, 429 (4th Cir. 2018). [ECF No. 13 at 18.] Thus, the magistrate judge concluded "this Court is without jurisdiction to consider the Petition." *Id.* The magistrate judge correctly applied the law that was available at the time she issued her Report in March 2023, but in June 2023, the Supreme Court issued an opinion in *Jones v. Hendrix*, 599 U.S. ---, 143 S. Ct. 1857, (2023), and *Jones* abrogates some of the Fourth Circuit law relied on by the magistrate judge.

In *Jones*, the Supreme Court held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act of 1996]'s restrictions on second or successive § 2255 motions by filing a § 2241 petition." 143 S. Ct. 1857, 1864. Petitioner also may not challenge

his § 922(g)(1) conviction based on *Rehaif*[2] through a § 2241 petition by way of § 2255(e)'s saving clause. Thus, the court follows the ultimate recommendation of the magistrate judge but based on case law that was not available at the time the Report issued.

For these reasons, the court adopts the Report's factual and procedural background and the recommendation offered therein but for different reasons than set forth in the Report. [ECF No. 13.] As a result, the petition is **DISMISSED WITHOUT PREJUDICE and without requiring Respondent to file an answer or return**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

November 13, 2023                                  Sherri A. Lydon
Columbia, South Carolina                      United States District Judge

---

[2] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."